USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4|2|08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE QIAO XING<br>SECURITIES LITIGATION | MASTER FILE<br>07-CIV-7097 (DLC) |
| This Document Relates to: | **ECF Case** |
| All Actions | |

## PRELIMINARY ORDER FOR NOTICE AND HEARING
## IN CONNECTION WITH SETTLEMENT PROCEEDINGS

WHEREAS, on February 25, 2008, Lead Plaintiff PELO, a.s. on behalf of the

Settlement Class (as herein defined), and Qiao Xing Universal Telephone, Inc. ("Qiao

Xing"), Rui Lin Wu, Albert Leung, Zhi Yang Wu, Sonny Kwok Wing Hung, Ze Yun

Mu, Yi Hong Zhang, and Qiao Xing's auditor Grobstein, Horwath & Company LLP

(collectively, "Defendants"); (Lead Plaintiff and Defendants are collectively referred to

herein as the "Settling Parties") in the above-captioned class action (the "Action"), by

and through their respective counsel, filed a Stipulation of Settlement (the "Stipulation")

with this Court which is subject to review under Rule 23 of the Federal Rules of Civil

Procedure and which, together with the exhibits thereto, sets forth the terms and

conditions for the proposed settlement (the "Settlement") of the claims alleged in the

Action on the merits and dismissal with prejudice as against Defendants; and the Court

having read and considered the Stipulation; the proposed Notice of Pendency and

Proposed Settlement of Class Action ("Notice"); the proposed Summary Notice of

Pendency of and Proposed Settlement of Class Action Involving Qiao Xing Universal

Telephone, Inc. ("Summary Notice"); the proposed form of the Proof of Claim and

Release ("Proof of Claim"); the proposed form of Final Approval Order and Judgment relating to the Settlement, and finding that substantial and sufficient grounds exist for entering this Order; and capitalized terms used herein having the meanings defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby preliminarily certifies, for purposes of effectuating this Settlement, a class (the "Settlement Class") of all persons who 1) purchased shares of Qiao Xing common stock between June 30, 2004 and July 16, 2007, both dates inclusive; 2) purchased Qiao Xing call options between June 30, 2004 and July 16, 2007, both dates inclusive; and/or 3) sold Qiao Xing put options between June 30, 2004 and July 16, 2007, both dates inclusive. (such Settlement Class members are the "Settlement Class Members"). Defendants, Qiao Xing (including its present and past subsidiaries, parents, successors, and predecessors), Qiao Xing's present and past officers and directors, agents, employees, consultants, including members of their immediate families, and their legal representatives, heirs, successors or assigns, affiliates, and any entity in which any one of them has or had a controlling interest, or which is related to or affiliated with any of the foregoing, are excluded from the Settlement Class. Also excluded is any person or entity who files a valid request for exclusion from the Settlement Class.

2.      This Court finds preliminarily and for purposes of this Settlement only that the prerequisites for a class action under Rule 23 of the Federal Rules of Civil Procedure have been satisfied in that: (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of

2

law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiff in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiff and its counsel have fairly and adequately represented and protected the interests of the Settlement Class Members and will continue to do so; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of this Settlement only, Lead Plaintiff is certified as the class representative on behalf of the Settlement Class and Lead Counsel, Murray, Frank & Sailer LLP, is hereby appointed as Lead Counsel for the Settlement Class.

4.     A hearing in the Action will be held before this Court on July 11, 2008, at 3:00 p.m., at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 11B, New York, New York (the "Fairness Hearing"). The purpose of the Fairness Hearing is to finally determine (a) whether this Action satisfies the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23; (b) whether the terms of the proposed settlement described in the Stipulation are fair, reasonable, and adequate, and should be approved by the Court; (c) whether the proposed plan to distribute the Settlement Fund to the Settlement Class ("Plan of Allocation") is fair and reasonable and should be approved by the Court; (d) whether the Final Approval Order and Judgment as provided under the Stipulation should be entered, dismissing the Action on the merits and with prejudice, and to determine whether the release by the Settlement Class of the Released Claims of the Released Parties, as set forth in the Stipulation, should be ordered; (e) whether the application of Lead Counsel for an award

3

of Attorneys' Fees and Expenses should be approved; and (f) such other matters as the Court may deem appropriate.

5.      The Court reserves the right to approve the Settlement with or without modification and with or without further notice of any kind. The Court further reserves the right to enter its Final Approval Order and Judgment approving the Stipulation and dismissing the Action, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded Attorneys' Fees and Expenses.

6.      The Court approves the form, substance, and requirements of the Notice, the Proof of Claim, and the Summary Notice, in substantially the form and content of Exhibits B, C, and D, respectively, to the Stipulation.

7.      Lead Counsel has the authority to enter into the Stipulation on behalf of the Settlement Class and is authorized to act on behalf of the Settlement Class Members with respect to all acts or consents required by or that may be given pursuant to the Stipulation or such other acts that are necessary to consummate the Settlement.

8.      On or before April 11, 2008, Lead Counsel will cause the Notice and Proof of Claim to be mailed by first class mail, postage prepaid, to each Settlement Class Member whose identity and address can be determined with reasonable efforts by Lead Counsel. Defendants shall use their best efforts to assist Lead Plaintiff and Lead Counsel in obtaining from Qiao Xing's transfer agent Qiao Xing's shareholder lists solely for providing notice to the Settlement Class. Within ten (10) business days from mailing of the Notice and Proof of Claim, Lead Counsel shall cause the Summary Notice to be published once over BUSINESS WIRE, PRIME NEWSWIRE, or PR NEWSWIRE for national distribution.

4

9.    Lead Counsel is authorized to establish a Notice and Administration Fund of up to $100,000 out of the Settlement Fund to cover the costs of notice and related settlement administrative expenses. Lead Counsel shall provide Defendants' Counsel with proper invoices before this fund is dispersed. Upon written agreement of the Settling Parties or order of the Court, additional amounts may be transferred from the Settlement Fund to the Notice and Administration Fund.

10.    Any and all transfer agents holding transfer records for Qiao Xing common stock or options are hereby ordered to produce such transfer records in a usable electronic format to Lead Counsel or its designated agent within 10 days of receipt of a copy of this Order.

11.    Lead Counsel shall also make reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased any Qiao Xing common stock or options during the Class Period. Such nominee purchasers are directed to forward copies of the Notice and Proof of Claim to their beneficial owners within seven (7) days after receipt thereof, or send a list of names and addresses of such persons or entities to the Claims Administrator within seven (7) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such persons or entities. Lead Counsel or its designee shall furnish, upon the request of any nominee, additional copies of the Notice and Proof of Claim for mailing to beneficial owners of applicable Qiao Xing common stock or options. In those cases where a nominee elects to provide a list of names and addresses of persons for whom said nominee purchased Qiao Xing common stock or options during the Class Period, Lead Counsel or their designee shall, upon receipt of said list, cause to be mailed a copy of the

5

Notice and Proof of Claim to each person on said list. Lead Counsel shall offer to reimburse banks, brokerage houses, or other nominees for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Settlement Class Members, which expenses would not have been incurred but for the sending of such notice, subject to further order of the Court with respect to any dispute concerning such compensation, and may be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expenses of sending the Notices and Proof of Claim to beneficial owners.

12.     The form and method set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions meet the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Exchange Act, 15 U.S.C. 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto. Under no circumstances shall any Settlement Class Member be relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

13.     To be entitled to a distribution from the Settlement Fund (as provided in the Stipulation), a Settlement Class Member who has not requested exclusion therefrom must submit a Proof of Claim in the following manner and be subject to the following conditions:

(a)     A properly executed Proof of Claim, substantially in the form attached as Exhibit C to the Stipulation, must be submitted to the Claims Administrator,

6

at the Post Office Box indicated in the Notice, postmarked not later than July 21, 2008.
Such deadline may be further extended by Order of the Court. Each Proof of Claim shall
be deemed to have been submitted when postmarked (if properly addressed and mailed
by first class mail) provided such Proof of Claim is actually received prior to the filing of
a motion for an Order of the Court approving distribution of the Net Settlement Fund.
Any Proof of Claim submitted in any other manner shall be deemed to have been
submitted when it was actually received at the address designated in the Notice.

(b)     The Proof of Claim submitted by each Settlement Class Member
must satisfy the following conditions: (i) it must be properly filled out, signed, and
submitted in a timely manner in accordance with the provisions of the preceding
subparagraph; (ii) it must be accompanied by adequate supporting documentation for the
transactions reported therein, in the form of broker confirmation slips, broker account
statements, an authorized statement from the broker containing the transactional
information found in a broker confirmation slip, or such other documentation as is
deemed adequate by Lead Counsel; (iii) if the person executing the Proof of Claim is
acting in a representative capacity, a certification of his current authority to act on behalf
of the Settlement Class Member must be included in the Proof of Claim; and (iv) the
Proof of Claim must be complete and contain no material deletions or modifications of
any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     Once the Claims Administrator has considered a timely submitted
Proof of Claim, Lead Counsel, through the Claims Administrator, shall determine, based
upon the Plan of Allocation, whether such claim is valid, deficient, or rejected. For each
claim determined to be either deficient or rejected, the Claims Administrator shall send a

7

deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined.

(d)    As part of the Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted.

(e)    Any Settlement Class Member who does not submit a Proof of Claim in the manner set forth herein will not be entitled to share in the Settlement Fund, but nonetheless will be barred and enjoined from asserting any of the claims that have been or might have been asserted in the Action.

14.    Settlement Class Members shall be bound by all determinations and judgments in the Action, whether favorable or unfavorable, unless such persons request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Settlement Class Member wishing to make such request shall mail the request in written form, by first class mail, postage prepaid, and postmarked no later than June 16, 2008, to the Post Office Box address listed in the Notice. Such request for exclusion shall clearly indicate the name and address of the person seeking exclusion, that the sender specifically requests to be excluded from the Settlement Class, and must be signed by such person. Such persons requesting exclusion are also required to state their telephone number and to specify all purchases and sales of Qiao Xing common stock or options during the Class Period. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or is otherwise accepted by the Court.

15.    Any Settlement Class Member who files a timely request for exclusion will be excluded from the Settlement Class by the Court and will be free to pursue on his

8

own behalf and at his own expense any rights he may have, but will not participate in the

Settlement. Any Settlement Class Member who has not properly or timely filed a request

for exclusion will be included in the Settlement Class and upon any approval of the

Settlement will be bound by such Settlement and any judgment rendered in connection

therewith.

16.    Any Settlement Class Member who has not requested exclusion from the

Settlement Class may appear personally, or by counsel of his own choice and at his own

expense, at the Fairness Hearing to show cause why: (a) the Settlement and Plan of

Allocation should or should not be approved as fair, reasonable, and adequate; (b) a

judgment should or should not be entered thereon; or (c) Lead Counsel should or should

not be awarded attorneys' fees, costs, and disbursements as requested. Persons desiring

to be heard or entitled to contest the approval of any of the foregoing or other matters that

may be considered by the Court at or in connection with the Fairness Hearing shall, no

later than June 20, 2008, serve by hand or first-class mail proof of membership in the

Settlement Class and written objections and copies of any supporting papers and briefs

upon Lead Plaintiff by serving such papers on each of the following:

| COURT | LEAD COUNSEL |
|---|---|
| Clerk of the Court | Brian Murray, Esq. |
| Daniel Patrick Moynihan | **Murray, Frank & Sailer LLP** |
| United States Courthouse | 275 Madison Avenue, Suite 801 |
| 500 Pearl Street | New York, NY 10016 |
| New York, NY 10007 | Tel. (212) 682-1818 |

The failure to serve and file such papers shall not, however, preclude any person from

being heard at the Fairness Hearing. Persons who intend to object to the Settlement, the

Plan of Allocation, and/or Lead Counsel's application for award of Attorneys' Fees and

Expenses and desire to present evidence at the Fairness Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Fairness Hearing. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

17.    Any Settlement Class Member who does not object to the Settlement of the Action in the manner provided herein, including by failing to appear and raise such objections at the Fairness Hearing, will be deemed to have waived such objection and will forever be foreclosed from making any objection to the: (a) fairness, adequacy, or reasonableness of the Settlement; (b) the Plan of Allocation; and (c) Lead Counsel's application for and award of Attorneys' Fees and Expenses.

18.    Lead Counsel and its agents shall be responsible for processing all Proofs of Claim and administering the Settlement, subject to review by the Court.

19.    Pending the final determination of the fairness, reasonableness, and adequacy of the Settlement, no Settlement Class Member may institute or commence any action or proceeding asserting any or all of the Released Claims or Unknown Claims, as defined in the Stipulation.

20.    The Court reserves the right to adjourn the Fairness Hearing or any adjournment thereof without any further notice other than an announcement in open court on the date and time set for the Fairness Hearing or any adjournment thereof and to approve the Settlement and the Stipulation with modifications agreed to by the Settling Parties and without further notice to Settlement Class Members. The Court retains jurisdiction over the Action to consider all further applications arising out of or connected with the Settlement.

10

21.    All funds held by the Escrow Agent in the interest bearing account holding the Settlement Fund shall be deemed and considered to be in the Court's legal custody, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed under the Stipulation and/or further Court order(s).

22.    In the event that the Settlement shall not be consummated pursuant to its terms, the Stipulation, including any amendment(s) thereto, and this Preliminary Order for Notice and Hearing in Connection With Settlement Proceedings, shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and each party shall be restored to his, her, or its respective positions in the Action before the signing of the Stipulation of Settlement.

23.    The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of, or connected with, the Settlement.

24.    The Exhibits attached to the Stipulation filed with the Court are incorporated herein as though set forth in this Order.

25.    Plaintiff shall submit the memoranda in support of 1) final approval of the proposed settlement and plan of allocation, and 2) an award of attorneys' fees and reimbursement of expenses, along with any accompanying documentation, on or before June 30, 2008.

Dated: _____April 2_____, 2008

_____
U.S.D.J.

11